This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41540**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellant,

v.

**NATHAN ROBERT GARCIA,**

      Defendant-Appellee.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLLO COUNTY**
**Felicia Blea-Rivera, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Eric Orona, Assistant Solicitor General
Albuquerque, NM

for Appellant

D. Eric Hannum
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}**    The State appeals the metropolitan court's decision to suppress the testimony of one of the investigating officers who arrested Defendant Nathan Garcia for driving while intoxicated after he allegedly attempted to avoid a sobriety checkpoint. The State argues that Defendant's motion to suppress challenged only the sobriety checkpoint's constitutionality, but, on the day of trial, Defendant impermissibly raised an altogether new argument against the reasonableness of the vehicle stop. We conclude the State waived this argument and affirm.

## DISCUSSION

**{2}**     Defendant was charged with driving while intoxicated, pursuant to NMSA 1978, Section 66-8-102 (2016), after being stopped and arrested near a sobriety checkpoint. Defendant moved to "suppress the testimony of any officer who came into contact with [Defendant] in the area near the checkpoint." The remainder of Defendant's motion focused entirely on the reasonableness of the sobriety roadblock, pursuant to *City of Las Cruces v. Betancourt*, 1987-NMCA-039, 105 N.M. 655, 735 P.2d 1161, near which Defendant was stopped. The State responded that the roadblock complied with *Betancourt*. Defendant did not file a reply. The metropolitan court then set the matter for a bench trial.

**{3}**     At the bench trial, the court noted that there was a *Betancourt* motion that they needed to attend to before asking the parties if there were any preliminary issues they wanted to address. Defendant argued that the State mischaracterized the motion to suppress as being pursuant to *Betancourt*. He further maintained that the State was unable to proceed with trial because they had no witnesses to testify regarding the reasonable suspicion needed to stop Defendant, an argument seemingly advanced for the first time. The metropolitan court asked where the argument was articulated in Defendant's motion to suppress and Defendant responded that it was a motion to suppress the testimony of any officer that came into contact with Defendant. The court stated it felt that the motion was a "bootstrap *Betancourt* motion" and that Defendant was "taking everybody by surprise" by arguing that the vehicle stop lacked reasonable suspicion. The court further stated, "I don't think the State was really placed on notice by virtue of the motion that you're arguing."

**{4}**     The State responded that the matter should go to the fact-finder, it was not given notice of the reasonable suspicion argument, and that Defendant's motion was clearly a *Betancourt* motion. The court noted that the State might have an issue establishing reasonable suspicion with the witnesses it had to present, but went into recess and gave the State "ten minutes to . . . figure this out." When the parties went back on the record, the court asked the State if it had "an opportunity to ascertain whether [it was] ready to proceed this afternoon?" The State responded, "Yes, your honor, the State will be proceeding," before calling its first witness. Notably, the State neither requested Defendant's claim regarding reasonable suspicion to be denied for lack of notice, nor did it seek a continuance on the same grounds in order to present testimony at a future suppression hearing or trial related to Defendant's contention that the vehicle stop was illegal. After hearing testimony related to the legality of the checkpoint as well as the legality of the vehicle stop, the district court determined that, regarding the vehicle stop, "specific articulable facts" were not presented that justified the vehicle stop, and granted Defendant's motion to suppress.

**{5}**     In this circumstance, the State was given the opportunity to object to the particularity of Defendant's motion or to seek some other relief given the unexpected nature of Defendant's theory of suppression, but instead made clear it was ready to move forward with the motion hearing. The State called witnesses in an effort to both

establish the constitutionality of the roadblock as well as the nearby vehicle stop. By so proceeding, the State waived any objection to the particularity of Defendant's motion to suppress. *See State v. Montoya*, 2015-NMSC-010, ¶ 45, 345 P.3d 1056 ("In order to preserve an issue for appeal, a [party] must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon." (internal quotation marks and citations omitted)); *State v. Leon*, 2013-NMCA-011, ¶ 33, 292 P.3d 493 ("We generally do not consider issues on appeal that are not preserved below." (internal quotation marks and citation omitted)).

**{6}** Lastly, the State's argument that it preserved the issue by notifying the court that it lacked sufficient notice of the nature of Defendant's motion to suppress is not persuasive as it did not ultimately invoke a ruling on the issue. The State merely repeated the court's concerns before eventually presenting testimony and litigating the motion on grounds including reasonable suspicion, despite being given the opportunity to alert the court if it was not ready to proceed. By so proceeding, the State waived any argument regarding the lack of particularity in Defendant's motion to dismiss.

**CONCLUSION**

**{7}**    We affirm.

**{8}**    **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**KATHERINE A. WRAY, Judge**